**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZEN UNI-SUN ELECTRONIC CO., LTD.,** | |
| *Plaintiffs*, | |
| **v.** | **Civil Action No. 3:20-CV-02023** |
| **GOLABS, INC., d/b/a GOTRAX, WALMART INC., WAL-MART STORES TEXAS, LLC, AND WAL-MART.COM USA LLC,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |
| **GOLABS, INC., d/b/a GOTRAX,** | |
| *Counterclaimant*, | |
| **v.** | |
| **UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZEN UNI-SUN ELECTRONIC CO., LTD.,** | |
| *Counterdefendants*. | |

**<u>WALMART'S MOTION TO SEVER AND STAY AND OPENING BRIEF</u>**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      INTRODUCTION ......................................................................................................1

II.     LEGAL STANDARD................................................................................................2

III.    ARGUMENT .............................................................................................................4

        A.      THE COURT SHOULD SEVER AND STAY PLAINTIFFS' CLAIMS
                AGAINST WALMART UNTIL THE CLAIMS ARE RESOLVED
                AGAINST GOLABS, THE ALLEGED UPSTREAM INFRINGER ....................4

        B.      A STAY IS ALSO WARRANTED.....................................................................8

IV.     CONCLUSION..........................................................................................................9

EAST\175939352.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altair Instruments, Inc. v. Telebrands Corp., DOES 1-10, and Walmart, Inc.*,
No. 2:19-cv-08967-SJO-JC (C.D. Cal.)..................................................................5, 6

*Anderson v. Red River Waterway Comm'n*,
231 F.3d 211 (5th Cir. 2000) .............................................................................2

*Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*,
No. 5:13-CV-05430-EJD, 2014 WL 2759571 (N.D. Cal. June 17, 2014)................................3

*Clinton v. Jones*,
520 U.S. 681 (1997)..........................................................................................2

*Kahn v. General Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989)...........................................................................3

*Katz v. Lear Siegler Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)........................................................................3, 4, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..........................................................................................8

*Leyva v. Certified Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979) ..............................................................................2

*In re Nintendo Co., Ltd.*,
544 F. App'x. 934 (Fed. Cir. 2013) ....................................................................3, 4, 5

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014)........................................................................4, 5, 8

*Nussbaum v. Diversified Consultants, Inc.*,
No. 15-CV-600, 2015 WL 5707147 (D.N.J. Sept. 28, 2015) ....................................3

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
Civil Action No. 2:19-cv-00025-JRG, 2019 WL 6344471 (E.D. Tex. Nov. 27,
2019) ....................................................................................................3, 8

*Richmond v. Forever Gifts, Inc. (Texas)*,
Civil Action No. 3:14-cv-0583-K, 2015 WL 11120883 (N.D. Tex. Mar. 18,
2015) ....................................................................................................7

*Richmond v. Lumisol Elec. Ltd.*,
   Civil Action No. 13-1944 (MLC), 2014 U.S. Dist. LEXIS 59939 (D.N.J. April
   30, 2014) ...............................................................................................................6, 7, 8

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
   No. 3:04-cv-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) .......................................3

## I.    INTRODUCTION

This is a patent infringement action, in which Plaintiffs Unicorn  Global, Inc. ("Unicorn"),

Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Shenzhen Uni-Sun Electronic Co.,

Ltd. ("Uni-Sun") (collectively "Plaintiffs") have served a second compliant accusing Defendants

Golabs, Inc., d/b/a Gotrax, LLC, ("Golabs") and Walmart, Inc., Wal-Mart Stores Texas, LLC and

Wal-Mart.com USA LLC (collectively "Walmart") of infringing two additional patents, U.S.

Patents Nos. 10,167,036 ("the '036 patent") and 10,597,107 ("the '107 patent") (collectively "the

Asserted Patents") through their sales of the same Hoverfly ECO, Hoverfly ION, Hoverfly XL,

SRX and SRX PRO hoverboard products accused of infringement in the first action, pending Civil

Action No. 3:19-cv-00754, and two additional hoverboard products, Gotrax 654-2 and Gotrax

Remix (collectively "the Accused Products").  The '036 patent issued on January 1, 2019, but was

not asserted in the first action filed on March 26, 2019 against Golabs nor in the Amended

Complaint filed on May 9, 2019 adding the Walmart defendants.  Both the '036 patent and the

'107 patent, which issued on March 24, 2020, issued from continuation applications from the same

parent application PCT/CN2014/092849 from which the '155 and '802 patents asserted in the first

action issued, and therefore suffer from the same infirmities as the '155 and '802 patents.

On July 14, 2020, Walmart filed a Motion to Sever and Stay the first action based on the

customer suit exception.  In the first action, Walmart timely filed its Motion to Sever and Stay

because Walmart was just beginning to participate in discovery in that action, and the parties are

awaiting a Scheduling Order setting deadlines for the remainder of fact and expert discovery and

a trial date.  In the first action, Walmart requested that this Court sever and stay all claims against

Walmart, because the real dispute is between Plaintiffs and Golabs. Walmart is a retail customer

of Golabs, and Walmart is being indemnified by Golabs for its sale of Golabs's accused hoverboard

products.  Walmart has no relevant information, including no witness, to the alleged infringement

1

or invalidity/enforceability issues.  Moreover, Walmart agrees to be bound by the Court's decisions

on infringement, validity and enforceability with respect to the asserted patents based on the

dispute between Plaintiffs and Golabs.  Accordingly, severing and staying Plaintiffs' claims

against Walmart in the first action would allow the substantive issues to be resolved most

efficiently by Plaintiffs and Golabs.

For the same reasons, Walmart files this Motion to Sever and Stay Plaintiffs' claims against

Walmart pending the outcome of the dispute between the real parties in dispute, Plaintiffs and

Golabs.  As in the first action, Walmart is a retail customer of Golabs and Walmart and is being

indemnified by Golabs for its sale of the Accused Products.  Walmart has no relevant information,

including no witness, to the alleged infringement or invalidity/enforceability issues in this action.

Moreover, Walmart agrees to be bound by the Court's decisions on infringement, validity and

enforceability with respect to the asserted patents based on the dispute between Plaintiffs and

Golabs in this action.

This Brief is supported by the accompanying Declaration of Reid Thornton ("Thornton

Decl.").

## II.    LEGAL STANDARD

A district court has "broad discretion" to stay proceedings as an incident to its power to

control its own docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936)); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214

(5th Cir. 2000).  A court may "find it … efficient for its own docket and the fairest course for the

parties to enter a stay of an action before it, pending resolution of independent proceedings which

bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The rule applies to judicial proceedings and does not require the issues of such proceedings to be

necessarily controlling of the action before the court. *Id.* at 863-64. The proponent of a stay has the burden of proving that a stay is justified. *Clinton*, 520 U.S. at 708.

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *See, e.g.*, *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-cv-2391-L, 2005 WL 2415960, at *8 (N.D. Tex. Sept. 30, 2005). Specifically, courts within the Fifth Circuit consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Rembrandt Wireless Techs., LP v. Apple Inc.*, Civil Action No. 2:19-cv-00025-JRG, 2019 WL 6344471, at *2 (E.D. Tex. Nov. 27, 2019) (citation omitted). Regarding the first factor, courts have held there is no prejudice to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages. *See, e.g.*, *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.,* No. 5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); *see also Nussbaum v. Diversified Consultants, Inc.,* No. 15-CV-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ("Because delay results inherently from issuance of a stay, courts have found that mere delay does not, without more, without more, necessitate a finding of undue prejudice and tactical disadvantage.")

The Federal Circuit has observed that when a patent owner files suit against both an upstream defendant and downstream distributors or retailers, the upstream defendant's case takes precedence because the upstream defendant has a "greater interest in defending its actions against charges of patent infringement," than a "customer who is a reseller of the accused goods." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (citations omitted); *see also In re*

*Nintendo Co., Ltd.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013); *Katz v. Lear Siegler Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.").  As the Federal Circuit noted, the customer-suit exception "endorses staying a case against a customer or retailer in light of the notion that the manufacturer is the 'true defendant.'"  *In re Nintendo Co.*, 544 F. App'x. at 941 (citations omitted).  In addition, "it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid damaging impact of an adverse ruling against its products."  *Katz*, 909 F.2d at 1464 (citation omitted).

A sever and stay of the claims related to the Accused Products against Walmart is squarely consistent with controlling precedents.  A stay would conserve party and judicial resources while the central non-infringement, invalidity and unenforceability issues between Plaintiffs and Golabs are resolved.

III.   **ARGUMENT**

A.   **THE COURT SHOULD SEVER AND STAY PLAINTIFFS' CLAIMS AGAINST WALMART UNTIL THE CLAIMS ARE RESOLVED AGAINST GOLABS, THE ALLEGED UPSTREAM INFRINGER**

The customer-suit exception has been frequently applied to cases such as this one, where the plaintiff alleges patent infringement against the manufacturer or supplier and its customers, and the manufacturer or supplier is the true defendant and the retailer is merely a peripheral defendant.  *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014).  In *Nintendo of Am.*, the Federal Circuit relied on the underlying principles of the customer-suit exception in severing and staying the case against Walmart and other retailers.  The Court severed the manufacturer in a combined manufacturer-retailer patent infringement suit, transferred the manufacturer to its home district, and stayed the remaining retailer defendants pending the outcome of the manufacturer suit.

4

*Id.* The Court explained that "[w]hile the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant." *Id.* at 1365. The Court relied on principles of judicial economy and held that "[s]ince Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first, in any forum." *Id.* at 1366.

District courts have followed *Nintendo* and severed/stayed cases against peripheral, downstream customers, so as to allow the same case against the true defendant manufacturer or supplier to proceed. For example, the facts in this case are analogous to the facts in *Altair Instruments, Inc. v. Telebrands Corp., DOES 1-10, and Walmart, Inc.*, Case No. 2:19-cv-08967-SJO-JC (C.D. Cal.) (Order Granting Defendant Walmart, Inc.'s Motion To Sever And Stay (March 31, 2020) (D.I. 138)), where the Honorable Judge S. James Otero granted Walmart's motion to sever and stay under the customer-suit exception. Judge Otero held that "[t]he case is in the early stages where Walmart has not yet produced documents, and no party has noticed depositions …. Furthermore, Telebrands is indemnifying Walmart, and Walmart agrees to be bound by any issues of law with respect to infringement and invalidity …. No damages may be awarded against Walmart unless and until Telebrands is found liable for infringing a valid patent …. Both Walmart and Telebrands will suffer hardship, where Walmart's additional lawyers and staff will require involvement, and Telebrands will suffer the increased defense cost as a result of indemnification …."

Analogous to the facts in *Altair*, Walmart is a downstream retailer who does not design, manufacture or import the Accused Products. Thornton Decl. ¶¶4-6. Walmart stipulates that it is willing to accept a decision by the Court on the issues of infringement, validity and enforceability with respect to the asserted patents after a trial between the true parties in interest Plaintiffs and

Golabs[1] (Thornton Decl. ¶7), and Walmart agrees to cooperate in providing an accounting of its

sales of the Accused Products if Plaintiffs prevail on the issue of infringement with respect to the

asserted patents (Thornton Decl. ¶8).[2]

Similarly, in *Richmond v. Lumisol Elec. Ltd.*, Civil Action No. 13-1944 (MLC), 2014 U.S.

Dist. LEXIS 59939 (D.N.J. April 30, 2014), the Honorable Mary L. Cooper presided over a

consolidated twelve-case infringement action. *Id.* at *15.  Judge Cooper severed the manufacturer

and retailer-defendants pending the resolution of the manufacturer case. *Id.* at *25.  Judge Cooper

explained that "[c]ourts have exercised their discretion to sever the claims against the downstream

defendant from the upstream defendant and then stay the severed claims against the downstream

defendant given the 'peripheral nature' of claims against the downstream defendant." *Id.* (internal

citation omitted).  The Court noted (*id.* at *25-26 (internal citations omitted)):

> The rationale behind severing and staying in these circumstances is
> that 'second-hand entities like retailers or distributors [are] not
> involved and [would] not have substantive knowledge about the
> patent infringement, which would begin at the design and

---

[1] In their Response to Walmart's Motion to Sever and Stay in the first action, Plaintiffs assert (Resp. at 7-8) that Zhejiang Taotao ("Zhejiang"), the manufacturer of the Accused Products, is the "true defendant" and complain that Zhejiang "is not a party to this lawsuit and has not intervened or appeared in this action."  However, Plaintiffs fail to mention that Zhejiang is the parent of Golabs, the importer, supplier, marketer, and seller of the Accused Products, and that Plaintiffs have been informed that Golabs has produced and will continue to produce all relevant documents in the possession, custody and control of Zhejiang. *See* Walmart's Reply Appendix at DApp 1-2 (Jan. 2, 2020 correspondence).  Golabs is the true defendant here.

[2] In their Response to Walmart's Motion to Sever and Stay in the first action, Plaintiffs assert (Response at 3, 11-12) that their claim of willful infringement is predicated only on Walmart's conduct.  An award of enhanced damages based on a finding of willful infringement is "reserved for egregious cases,"  unlike this case, and Walmart has agreed to be bound by the Court's decision on the issue of infringement based on the trial between the true parties in dispute Plaintiffs and Golabs.  That decision is all that is necessary to determine Walmart's liability, and is a predicate for a determination of willful infringement.  Moreover, Walmart has agreed to cooperate in discovery of its alleged willful conduct if Plaintiffs prevail on the issue of infringement.  Thornton Decl. ¶8.  Indeed, Plaintiffs did not cite to a single case that denied a motion to sever/stay on the grounds that a claim of willful infringement against a downstream customer will need to be adjudicated once the stay is lifted.

> manufacture stages.'  The upstream defendant represents "the real party in interest,' and ultimately, an infringement claim against the upstream defendant 'is more likely to restore contested property rights nationwide than securing an injunction' against a downstream defendant purchaser.  Moreover, the downstream defendant would only be liable if the upstream defendant infringed the plaintiff's patent, and thus, adjudication of the patent infringement claim against the upstream defendant often disposes of the claim against the downstream defendant.

In *Richmond v. Forever Gifts, Inc. (Texas)*, Civil Action No. 3:14-cv-0583-K, 2015 WL 11120883, at *2 (N.D. Tex. Mar. 18, 2015), the Honorable Judge Kinkeade applied the customer-suit exception, and severed and stayed the case against "downstream defendant" Walgreens "based on fairness, judicial economy and efficiency."  Judge Kinkeade severed and stayed the case against Walgreens, because, as in this case: (1) the "upstream defendant" and designer and manufacturer was the real party in interest and agreed to defend and indemnify Walgreens; (2) Walgreens "had no involvement in and no essential knowledge about the alleged infringement, which begins at the design and manufacture phases"; and (3) Walgreens could only be liable if the upstream defendant were found to infringe.

Thus, because the resolution of the patent infringement issues in the action between Plaintiffs and Golabs may well be dispositive of the claims against Walmart, and Golabs has agreed to indemnify Walmart (Thornton Decl. ¶9), severance and stay of Walmart in this action would not only streamline the issues for trial between Plaintiffs and the true upstream defendant Golabs, but could have a major and even dispositive effect on such issues with respect to the peripheral downstream defendant Walmart.   *See, e.g.*, *Katz*, 909 F.2d 1464 (observing additional issues regarding customers "may well be mooted" if patent holder is unsuccessful in litigation against upstream infringer); *Richmond*,  2014 U.S. Dist. LEXIS 59939, at *26 (noting that "adjudication

7

of the patent infringement claims against the upstream defendant often disposes of the claim against the downstream defendant.")

###### B.      A STAY IS ALSO WARRANTED

The Court has broad discretion in deciding whether to stay a lawsuit.  *Landis*, 299 U.S. at 254.  The power to stay this suit "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*

A stay is justified under the traditional analysis established by the Fifth Circuit, which looks at "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *See, e.g.*, *Rembrandt*, 2019 WL 6344471 at *2.

First, prejudice to Plaintiffs will be minimal because the stay will be of limited duration pending adjudication of the issues of law and fact Plaintiffs and Golabs present regarding the issues of infringement, validity and enforceability of the Asserted Patents.

Second, the goal of the customer-suit exception is to "avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."  *In re Nintendo of Am.*, 756 F.3d at 1365.  A stay will also serve the orderly course of justice by simplifying the issues, proof, and questions of law between Plaintiffs and the true defendant Golabs.   As detailed above, first litigating the dispute between Plaintiffs and Golabs will address, among other things, whether the Accused Products infringe the Asserted Patents, and will resolve all the major issues of law and fact presented here.

Third, the early status of this case, which has just been filed by Plaintiffs, favors staying the suit against Walmart as it would be consistent with overall considerations of efficiency, judicial

economy, and party resources.  By contrast, Walmart will likely suffer unnecessary costs and burden if forced to continue with this action.  Morever, forcing Walmart to needlessly engage in extensive discovery, pretrial and trial in this action would unnecessarily complicate these proceedings and expend judicial and party resources.

## IV.     CONCLUSION

For all the foregoing reasons, Walmart's Motion to Sever and Stay should be granted.


Dated:  September 9, 2020

**RESPECTFULLY SUBMITTED**,
By: */s/ Joel C. Lin*
**Tony Pezzano**
New York Bar No. 2315547
*Pro Hac Vice Application Forthcoming*
tony.pezzano@us.dlapiper.com
**Joel C. Lin**
joel.lin@us.dlapiper.com
New York Bar No. 2079945
*Admitted Pro Hac Vice*
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
(Tel) 212-335-4500
(Fax) 212-335-4501

**William Chu**
SBOT:  04241000
wmchulaw@aol.com
**William Knisley**
SBOT:  24095728
knisley.wmchulaw@gmail.com
**LAW OFFICES OF WILLIAM CHU**
4455 LBJ Freeway, Suite. 1008
Dallas Texas, 75244
(Tel) 972-392-9888
(Fax) 972-392-9889

**ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS**

9

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Golabs and Walmart conferred with counsel for Plaintiffs regarding the sever and stay requested in this Motion during their meet and confer teleconference held on September 2, 2020.  Counsel for Plaintiffs confirmed that Plaintiffs oppose this Motion.

*/s/ Joel C. Lin*
Joel C. Lin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on September 9, 2020 via the Court's ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Joel C. Lin*

Joel C. Lin